**Gene DELANEY, Plaintiff–Appellant,**

v.

**DEERE AND COMPANY and John Deere Limited, Defendants–Appellees.**

**Kansas Trial Lawyers Association, Amicus Curiae.**

No. 97–3321.

United States Court of Appeals, Tenth Circuit.

July 19, 2000.

John Gehlhausen, Lamar, Colorado (Kevin L. Diehl, Ralston, Diehl & Pope, Topeka, Kansas) with him on the briefs for Plaintiff–Appellant.

Larry A. Withers (Alan R. Pfaff, with him on the brief), Kahrs, Nelson, Fanning, Hite & Kellogg, L.L.P., Wichita, Kansas, for Defendants–Appellees.

William Pauzauskie, Topeka, Kansas, for Amicus Curiae Kansas Trial Lawyers Association.

Before SEYMOUR, Chief Judge, EBEL, and KELLY, Circuit Judges.

PAUL KELLY, JR., Circuit Judge.

Plaintiff-appellant Gene Delaney appeals the district court's grant of summary judgment to defendants-appellees Deere and Company and John Deere Limited ("Deere"). The district court dismissed Mr. Delaney's product liability claims on the basis that Kan. Stat. Ann. § 60–3305(c) (1994) does not require a manufacturer to either warn or protect against hazards that are open and obvious, and that Restatement (Second) of Torts § 402A comment *j* establishes as a matter of law that an adequate warning precludes a finding that a product is in defective condition. *See Delaney v. Deere & Co.*, 985 F.Supp. 1009, 1015–16 (D.Kan.1997).

We certified the following questions to the Supreme Court of Kansas while retaining appellate jurisdiction:

"Does Kan. Stat. Ann. § 60–3305(c) apply to a manufacturer's duty to warn or protect against hazards on a multiple use product, or only to the duty to warn, as implied by *Siruta?*

Does Kansas follow the portion of comment *j* of the Restatement (Second) of Torts § 402A, which provides that a product bearing an adequate warning is not in defective condition, or instead, would Kansas now adopt comment *l*, which provides that an adequate warning does not foreclose a finding that a product is defectively designed?"

*Delaney v. Deere & Co.*, No. 97–3321, 1999 WL 458626, at *1 (10th Cir. Jan.19, 1999) (unpublished).

In response to our questions, the Kansas Supreme Court held that (1) Kan. Stat. Ann. § 60–3305(c) applies only to the duty to warn, (2) Kansas does not follow the portion of comment *j* of the Restatement (Second) of Torts § 402A, which provides that a product bearing an adequate warning is not in defective condition, and (3) Kansas would not adopt comment *l* of the Restatement (Third) of Torts § 2 which provides that an adequate warning does not foreclose a finding that a product is defectively designed. *See Delaney v. Deere & Co.*, 268 Kan. 769, 781–82, 785–86, 792–93, 999 P.2d 930, 940, 942–43, 946 (Kan.2000). Kansas retains the consumer expectations test in determining whether a design defect exists. *See id.* at 943–44.

In light of the foregoing, the district court's grant of summary judgment in favor of Deere must be reversed.[1]

---

1. No other grounds support the grant of summary judgment. In his memorandum in op-

REVERSED AND REMANDED for further proceedings consistent with this opinion.

position to summary judgment, Mr. Delaney did not include "a concise statement of material facts as to which [he] contends a genuine issue exists," as required by D. Kan. R. 56.1. Instead, he incorporated by reference various affidavits. *See* Aplt.App. at 172. The requirement of the local rule is not satisfied by wholesale incorporation by reference—a party opposing summary judgment has the burden to *identify* the facts in dispute and reference portions of the record so-indicating. *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671–72 (10th Cir.1998); *Gardels v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C.Cir.1980) (construing local rule requir-

ing similar statement by party moving for summary judgment). That said, the district court indicated that it would not grant summary judgment on this basis, *see* Aplt.App. at 622, and it properly considered all of the summary judgment evidence. *See Delaney*, 985 F.Supp. at 1010 n. 1. We reject Deere's suggestion that the expert's affidavit could not be considered on summary judgment. While a party may not defeat summary judgment by contradicting deposition testimony in a subsequent affidavit, new evidence may furnish a good faith basis for the inconsistency. *See Rios v. Bigler*, 67 F.3d 1543, 1551 (10th Cir. 1995).